UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KRISTA M. ELLIS, | CASE NO.   **C06-5125FDB** |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART, Commissioner of Social Security Administration, | Noted for January 5, 2007 |
| Defendant. | |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter has been fully briefed, and after reviewing the record, the undersigned recommends that the Court affirm the administration's final decision.

INTRODUCTION

Plaintiff, Krista Ellis, has a long history of migraine headaches dating back to when she was four years old. She is currently 35 years old, and has two children. Approximately four years ago (on September 16, 2002) she filed an application for disability insurance benefits. Plaintiff alleges disability since September 4, 2002 due to "intractable migraine syndrome, migraine disorder, depression" which allegedly cause "severe pain, fatigue, nausea & vomitting, slurring speech" (Tr. 65). She has a two-year degree in accounting and past work expereince as a bookkeeper, accountant, tutor, cashier, nanny,

courtesy clerk, and cook (Tr. 20, 66, 78, 608).  She stated that she stopped working in September 2002, because her "performance declined to the point of not being beneficial to my employer.  The only reason I was working was for medical benefits" (Tr. 65).

Plaintiff's application for benefits was denied initially and upon reconsideration.  A hearing was held before an administrative law judge ("ALJ") on January 7, 2005 (Tr. 586-612).  On March 14, 2005, the ALJ issued a decision finding Plaintiff not disabled, concluding that Plaintiff retained the ability to perform sedentary work (Tr. 11-23).  Claimant requested review by the Appeals Council, which denied plaintiff's request, making the ALJ's decision the final administrative decision.

Plaintiff filed the instant appeal in the Court on or about March 9, 2006, challenging the validity of the denial of her application for social security benefits.  Plaintiff raises only one issue, contending the ALJ's decision is not properly supported by substantial evidence.  Plaintiff's Opening Brief at 2.  Plaintiff argues more specifically that her "non-exertional limitations and restrictions in activities and abilities unmistakably severely interfere with the ability to sustain physical and mental activities typically required in the normal work environment on a day to day basis."  Plaintiff's Opening Brief at 31.  Defendant counter-argues that the ALJ applied proper legal standards and the ALJ's findings and conclusions are properly supported by substantial evidence in the record.

## DISCUSSION

This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision.  Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985).  It is more than a scintilla but less than a preponderance.  Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991).  If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision.  Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

*A. THE ALJ PROPERLY ASSESSED THE MEDICAL OPINION EVIDENCE*

The ALJ is entitled to resolve conflicts in the medical evidence.  Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987).  He may not, however, substitute his own opinion for that of qualified medical

REPORT AND RECOMMENDATION
Page - 2

experts. Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982). If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). " The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996). In Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of a treating physician's opinion because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied on laboratory test results, contrary reports from examining physicians and on testimony from the claimant that conflicted with the treating physician's opinion.

Here, the ALJ properly reviewed and analyzed the medical evidence. The ALJ summarized Plaintiff's medical treatment records from 1997 through 2004. The ALJ noted the opinions and records from of the following physicians and clinic: Dr. Hogan, the University Place Multicare Family Practice clinic, Dr. Melson, Dr. White, Dr. Fitz, Dr. Lee, Dr. Clifford, Dr. Regets, Dr. Deutsch, the Northshore Multicare Clinic, Dr. Kingson, Dr. Simpson, Dr. Rynes, and Dr. Priebe (Tr. 16-17). Determining Plaintiff's medical impairments the ALJ wrote:

> The claimant has alleged heart problems, but the undersigned notes her cardiac studies have yielded only trace mitral valve regurgitation. Likewise in assessing her difficulties breathing, pulmonary studies have revealed only a mild borderline restrictive ventilatory defect which the claimant's physicians have indicated is due to de-conditioning and obesity. The claimant has also been diagnosed with nonsteroidal anti-inflammatory drug induced gastritis and irritable bowel syndrome, bur her symptoms have improved with medication. The claimant also had an abnormal sleep study, but with no evidence of sleep apnea. As noted previously, the claimant's single "seizure" was thought to be due to a nortriptyline overdose. The undersigned finds the above noted impairments are not "severe" impairments as defined by the regulations.
>
> The medical evidence indicates that the claimant has migraines, an affective disorder, obesity, fibromyalgia, and chronic fatigue syndrome, impairments that are "severe" within the meaning of the Regulations but not "severe" enough to meet or medially equal, either singly or in combination to one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4.
>
> On the basis of the evidence, the undersigned finds that the claimant is subject to an affective disorder as evaluated under the "A" section of 12.04 of the Listings of Impairments. Analysis of the evidence of record using the technique section of the "B" criteria reveals that during the period of alleged disability, the evidence supports a finding that claimant had functional limitations in the domain of "Restriction of Activities of Daily Living" of "none"; in the domain of "Difficulties in Maintaining Social Functioning" of "mild"; in the domain of Deficiencies of Concentration, Persistence or Pace Resulting in Failure to

Complete Tasks in a Timely Manner (in work settings or elsewhere)" of "moderate" and in the domain of "Episodes of Decompensation" of "none". There is no evidence of "C" criteria.

> The medical evidence indicates the claimant has never had any formal mental health treatment. In her consultative examination with Dr. Melson she demonstrated intact memory, the ability to perform calculations, adequate concentration; and adequate abstract thinking. She is able to socialize both with friends and family, leave her house for doctor's appointments and to grocery shop. She is also able to care for her two young children. There is mention in the record of both an anxiety disorder and a posttraumatic stress disorder, however these have not been formally diagnosed by a mental health professional. The claimant testified she experiences anxiety attacks when leaving her house, but there is nothing in the file indicating such an impairment was divulged to her treating physicians.
>
> The undersigned has considered the claimant's impairments both singly and in combination and finds that they do not meet or medically equal the criteria established for any of the listed impairments.

(Tr. 18-19). The ALJ concluded Ms. Ellis retained the ability "to lift 10 pounds frequently and 20 pounds occasionally, stand or walk 2 hours in an 8 hour day, and sit for 6 hours in an 8 hour day. She has the ability to understand, remember and carry out simple instructions and make simple work related decisions necessary to function in unskilled work. She is able to respond appropriately to supervisors, co-workers and usual work situations and deal with changes in a routine work setting" (Tr. 20).

A review of the medical evidence in the record, noted by the ALJ in his opinion, properly supports the ALJ's decision. The ALJ's residual functional assessment is consistent with Dr. Clifford's evaluation of Plaintiff's non-exertional limitations due to an affective disorder, as well as the opinion of Dr. Regets. Dr. Clifford noted no restrictions in activities of daily living, only mild difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence, or pace (Tr. 364). Dr. Regets similarly assessed Plaintiff's mental functional capacity, (Tr. 368-369) and he explained:

> Current CE dated, 11/19/02 by S. Melson, M.D. shows that the claimant performed well on MSE portion of exam. The MSE portion shows she is capable of remembering, concentrating, and understanding well enough to perform simple work. This is further evidenced by her ability to fully care for her two children and manage funds. As indicated on CE, the claimant is limited to basic work as her chronic mental condition may preclude complex work as she may not be able to persist.

(Tr. 370). The ALJ's assessment of Ms. Ellis' physical abilities is fully supported by the opinion of Dr. Duetsch (Tr. 373).

Plaintiff argues the ALJ's analysis of the medical evidence failed to properly address the opinion of Dr. Melson. Plaintiff was evaluated on November 19, 2002, by Dr. Melson at the request of the Department of Disability Determination Services, and he rated Ms. Ellis as being "severely impaired."

REPORT AND RECOMMENDATION
Page - 4

1  Rather than adopting Dr. Melson's conclusions, the ALJ properly relied on the opinions of reviewing
2  physicians noted above (Dr. Clifford, Dr. Regets, and Dr. Duetsch) as well as the records of the treating
3  physician, Dr. Hogan, who reported (on September 24, 2002) that Plaintiff was doing well after being
4  hospitalized for her migraines.  In addition, the ALJ properly noted the lack of objective medical evidence
5  to support Plaintiff's allegations of total disability and Plaintiff's propensity to exaggerate her symptoms.
6  For example, the ALJ discredited Mr. Ellis' statements suggesting she suffered a seizure causing her to be
7  unconscious for two hours, when the medical record indicated only a 30 second loss of consciousness.

## CONCLUSION

Based on the foregoing discussion, the Court should find the ALJ's decision is properly supported by substantial evidence in the record and the Court should affirm the Administration's final decision denying plaintiff's application for social security disability benefits.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 5, 2007**, as noted in the caption.

DATED this 14th day of December, 2006.

/s/ J. Kelley Arnold
J. Kelley Arnold
U.S. Magistrate Judge